## 2791. CHRISTIAN v. THE STATE.

1. In order to sustain a conviction under section 667 of the Penal Code of 1895, it must appear (besides the other elements mentioned in the statute) that the defendant made a representation of his solvency, and that he was at the time insolvent.

2. "A representation of solvency is a declaration that [the defendant] has property sufficient to pay all of his debts and the one about to be incurred." *Hathcock* v. *State*, 88 *Ga.* 91, 96 (13 S. E. 959, 961).

3. Proof that the defendant owed more than he said he owed might establish the element of false representation as to his solvency, but would not establish the element of his insolvency, in the absence of testimony showing how much or how little property he owned.

DECIDED OCTOBER 14, 1910.

Accusation of misdemeanor; from city court of Danielsville— Judge Moseley.    June 14, 1910.

*Clarence E. Adams,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, J. F. L. Bond,* contra.

POWELL, J.  The defendant was indicted for violating section 667 of the Penal Code of 1895, which reads as follows: "If any person, by false representation of his solvency, shall induce another to become his bail, indorser or security, upon any instrument for the payment of money, or performance of any personal duty, knowing at the time that he is insolvent, and such bail, indorser or security shall suffer loss or damage in consequence of such undertaking and liability on his part, he shall be guilty of a misdemeanor."   It was alleged that he represented to a Mr. Moore that he was solvent and owed no debts other than a note of $45, which he was then making and which he procured Mr. Moore to indorse. It turned out that he owed also certain other notes, making a total indebtedness of $137.    There was no proof that he did not, at the time he secured Mr. Moore's indorsement, have sufficient property to pay all his debts.    Indeed, there was evidence that he was in possession of sufficient property to more than pay them all.    Proof that he was in possession of this property, claiming it as his own, was prima facie proof that he owned it; and there was nothing to contradict the presumption thus arising as to his ownership.

The headnotes cover the case, and elaboration is deemed unnecessary.                                            *Judgment reversed.*